# In the United States Court of Federal Claims

No. 23-519

Filed: April 19, 2023

NOT FOR PUBLICATION

|  |
|---|
| STEVEN JOHNSON,<br><br>　　　　　*Plaintiff*,<br><br>v.<br><br>UNITED STATES,<br><br>　　　　　*Defendant*. |

### MEMORANDUM OPINION AND ORDER

　　The plaintiff, Steven Johnson, proceeding *pro se*, filed this action on April 12, 2023. The complaint was docketed on April 17, 2023. The complaint filed by the plaintiff does not identify a valid basis for Tucker Act jurisdiction. It therefore must be dismissed pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

　　Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006); *see also St. Bernard Parish Gov't*, 916 F.3d at 992-93 (a "court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case" (citing *Foster v. Chatman*, 136 S. Ct. 1737, 1745 (2016))).

　　The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In construing a *pro se* litigant's pleadings liberally, the court does not become an advocate for that litigant. Rather, the court ensures that the *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

It is difficult to decipher the plaintiff's complaint, even liberally construing it. Nevertheless, it appears the plaintiff is seeking monetary damages for wrongs which can be placed into four categories: (1) allegations of medical malpractice and assault, battery, and false imprisonment while receiving medical treatment; (2) defamation; (3) unlawful manipulation and dissemination of government records concerning the plaintiff, including photos of the plaintiff; and invasion of privacy; and (4) interference with an unspecified prior case in which the plaintiff was a party due to the hacking of the plaintiff's "technology" and his bank account as well as the theft of and/or damage to his computers and phones.[1] Broadly construing the plaintiff's complaint, it alleges that the U.S. Secret Service, the U.S. Department of Defense, the United States, the state of California, and unnamed companies and persons are responsible for these wrongs.

Even assuming, as the court must do at this stage of the case, that all the plaintiff's allegations are true, *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011), none falls within the limited jurisdiction of the Court of Federal Claims.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Supreme Court has interpreted the Tucker Act to waive the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is: "(1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained," unless arising from a tort. *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing *inter alia United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) (holding that a suit in this court must be one brought for money judgments against the United States). Notably, the Tucker Act does not provide jurisdiction over claims against any party other than the federal government. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal

---

[1] While the plaintiff's complaint makes other claims, those claims consist of irrelevant factual claims at best or are unintelligible at worst.

Claims shall have jurisdiction to render judgment upon any claim *against the United States* . . . ." (Emphasis added)); *see Sherwood*, 312 U.S. at 588.

To invoke the limited jurisdiction of the Court of Federal Claims for a violation of a statutory, regulatory, or constitutional provision, that provision must be money-mandating, meaning it "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)). This money-mandating source of law must be distinct from the Tucker Act itself. *Navajo Nation*, 556 U.S. at 290.

Turning to the plaintiff's claims, any claims against any party other than the federal government must be dismissed for lack of jurisdiction. The Court of Federal Claims only has jurisdiction over claims where the defendant is the federal government. 28 U.S.C. § 1491(a)(1); *Sherwood*, 312 U.S. at 588.

To the extent the plaintiff's claims can be interpreted as being against the United States, they are on their face not based on a contract or for a refund of a payment made to the United States. As such, the plaintiff's complaint can only fall within the court's jurisdiction if it pleads a claim based on a federal statutory, regulatory, or constitutional provision that mandates compensation and does not sound in tort. The plaintiff, however, has not identified any such federal statutory, regulatory, or constitutional sources for his claims. Addressing the plaintiff's alleged wrongs in turn, the complaint, at best, alleges torts over which the Court of Federal Claims lacks jurisdiction.

First, concerning medical malpractice, "[j]udges in this court have consistently ruled medical malpractice and negligence claims sound in tort and therefore, this court lacks subject matter jurisdiction." *Utley v. United States*, 144 Fed. Cl. 573, 577 (2019) (citing *Gable v. United States*, 106 Fed. Cl. 294, 298 (2012)), *aff'd*, 813 F. App'x 601 (Fed. Cir. 2020). Similarly, any claims for assault, battery, or false imprisonment (kidnapping) the plaintiff might have suffered while undergoing medical treatment are not within the court's jurisdiction because they are tort claims. *Reid v. United States*, 95 Fed. Cl. 243, 249 (2010) (citing *Leitner v. United States*, 92 Fed. Cl. 220, 224 (2010); *Burman v. United States*, 75 Fed. Cl. 727, 729 (2007)).

Second, "[d]efamation is a tort, and like other tort claims, a defamation claim cannot be considered by this court." *Ortiz v. United States*, No. 18-980C, 2019 WL 2499790, at *2 (Fed. Cl. June 14, 2019) (citing *Golden v. United States*, 118 Fed. Cl. 764, 769 (2014)).

Third, concerning the alleged sharing by police officers of photographs of the plaintiff, such an action could potentially constitute some form of an invasion of privacy tort. The Court of Federal Claims has no jurisdiction over privacy torts. *See Reid*, 95 Fed. Cl. at 249 (citing *Mendes v. United States*, 88 Fed. Cl. 759, 762 (2009), *appeal dismissed*, 375 F. App'x 4 (Fed. Cir. 2009)).

Assuming that the photographs of the plaintiff that were allegedly unlawfully shared were held by the federal government, or that the federal government otherwise manipulated records

concerning the plaintiff, such actions might violate the Privacy Act, a federal statute that provides for money damages. *See* 5 U.S.C. § 552a(b), (g)(4). Jurisdiction over alleged violations of the Privacy Act is vested, however, in the district courts and not the Court of Federal Claims. *Id.* § 552a(g)(1), (g)(5); *Bush v. United States*, 627 F. App'x 928, 930 (Fed. Cir. 2016) (*per curiam*).

Fourth, concerning the allegations that the plaintiff's technology or bank accounts were controlled or hacked, allegations of such an unlawful intrusion into the plaintiff's technology or the theft of the plaintiff's computers or phones could, if not otherwise a tort, violate the fourth amendment. The Court of Federal Claims, however, has no jurisdiction over any such claims. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). Likewise, the Court of Federal Claims does not have any jurisdiction over allegations of criminal activity like theft. *See, e.g., Johnson v. United States*, 411 F. App'x 303, 304-05 (Fed. Cir. 2010).

Regarding the allegation that the government manipulated or interfered in the plaintiff's prior litigation, such actions by the federal government might violate the plaintiff's right to due process under the fifth amendment. The Court of Federal Claims has no jurisdiction, however, over fifth amendment due process claims. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Even construed liberally, the plaintiff's complaint does not, on its face, plead any claim over which the Court of Federal Claims can exercise jurisdiction. Accordingly, the complaint must be **DISMISSED** without prejudice pursuant to Rule 12(b)(1) and Rule 12(h)(3) of the Rules of the Court of Federal Claims.[2] The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

---

[2] The plaintiff also filed an incomplete motion for leave to proceed *in forma pauperis*. The plaintiff would typically be required to refile a complete motion. Because the plaintiff's complaint is being dismissed and because the plaintiff initially appears eligible to proceed *in forma pauperis* based on the information contained in the portions of the standard form he did complete, the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED** for the limited purpose of dismissing the complaint.